UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ATLANTIC SPECIALTY INSURANCE COMPANY,** } } } | |
| **Plaintiff,** } } | Case No.: 4:23-cv-00598-RDP |
| v. } } | |
| **DEERE & COMPANY, INC.,** } } | |
| **Defendant.** } | |

## **MEMORANDUM OPINION**

This matter is before the court on Defendant Deere & Company's ("Defendant") Motion to Dismiss or, in the Alternative, for a More Definite Statement. (Doc. # 1-3). The Motion has been fully briefed. (Docs. # 1-3, 4, 5). After careful review, and for the reasons below, Defendant's Motion is due to be denied.

**I.      Background**

On or about March 31, 2021, Jesse Parker Timber, LLC purchased a feller buncher manufactured by John Deere. (Doc. # 1-1 ¶ 7). The feller buncher was insured by Plaintiff Atlantic Specialty Insurance Company ("Plaintiff"). (*Id*. ¶ 9). On February 1, 2022, the feller buncher was rendered a total loss due to a severe internal fire. (*Id*. ¶ 11). Plaintiff determined that the fire started at the rear of the feller buncher, within or near a hydraulic pressure sensor – a subcomponent manufactured by Danish multinational corporation "Danfoss." (*Id*. ¶ 12-13). Plaintiff alleges that this sensor was defective, and that the defective sensor caused the fire that destroyed the feller buncher. (*Id*. ¶ 14-16).

During a joint non-destructive fire origin and cause examination of the feller buncher, a consultant retained by Defendant removed and flicked away "the deposit of ejected contents which had been expelled from the subcomponent hydraulic pressure sensor's housing and was deposited atop the sensor housing." (*Id*. ¶ 18). Plaintiff contends that due to the removal of the expelled and deposited contents of that hydraulic pressure sensor from the product's housing, a conclusive determination of the failure mode of the Danfoss pressure sensor is now impossible. (*Id*. ¶ 20). Given the nature and amount of the loss and the obvious visual evidence of subcomponent malfunction, Plaintiff maintains that Defendant and its representative knew or should have known of the "potential litigation between Plaintiff and Dan[foss]." (*Id*. ¶ 21).

According to the terms of the policy covering the feller buncher (the "Policy"), Plaintiff compensated its Insured for the damage. (*Id*. ¶ 22). The Policy also provided Plaintiff with a subrogation interest in any amount paid to the Insured due to the fault of a third party. (*Id*.). On May 10, 2023, Plaintiff initiated this action as subrogee of its Insured. (Doc. # 1-1). Plaintiff asserts one Count of third-party negligent spoliation against Defendant for the actions of its agent. (*Id*. at 6-7). On May 10, 2023, Defendant filed a Motion to Dismiss or, in the alternative, for a more definite statement. (Doc. # 1-3).

**II.     Legal Standard**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked

assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC,* 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp*., 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

Complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)

3

(alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

### III. Discussion

In its Motion, Defendant advances two arguments. First, it contends that Plaintiff has failed to state a claim because Plaintiff's third-party negligent spoliation claim is not a recognized cause of action under Alabama law. (Doc. # 1-3 at 4-5). Second, and alternatively, Defendant maintains that Plaintiff should be ordered to amend its Complaint to specifically allege the claims it would have brought against Danfoss but for the alleged spoliation. (*Id*. at 6).

#### A. Defendant's Motion to Dismiss

Alabama law does not recognize a cause of action for an independent tort of evidence spoliation when the spoliator was a party to an action. *Smith v. Atkinson*, 771 So. 2d 429, 432 (Ala. 2000). But, a party may bring "a claim <u>against a third party</u> for spoliation of evidence under the traditional doctrine of negligence." (*Id*.) (emphasis added). In *Smith*, the Alabama Supreme Court answered two questions certified from the United States District Court for the Middle District of Alabama: "(1) Does Alabama recognize a cause of action for the independent tort of spoliation of evidence against a third party? and (2) If so, what are the elements of that tort?" *Id*. at 431.

The court answered the first question in the affirmative. *Id*. at 432. As to the second question, the court held that "[a]s in all negligence actions, the plaintiff in a third-party spoliation case must show a duty to a foreseeable plaintiff, a breach of that duty, proximate causation, and damage." *Id*. (citing *Crowne Invs., Inc. v. Bryant*, 638 So. 2d 873, 878 (Ala. 1994)). In addition to the basic elements of a negligence claim, the court established a three-part test for determining when a third party can be held liable for negligent spoliation of evidence. A plaintiff in a third-

4

party spoliation case must also show: "(1) that the defendant spoliator had actual knowledge of pending or potential litigation; (2) that a duty was imposed upon the defendant through a voluntary undertaking, an agreement, or a specific request; and (3) that the missing evidence was vital to the plaintiff's pending or potential action." *Smith*, 771 So. 2d at 432. If those elements are established, a Plaintiff is entitled to a rebuttable presumption that "but for the fact of the spoliation of evidence the plaintiff would have recovered in the *pending or potential* litigation." *Id*. (emphasis added).

Here, Plaintiff has clearly alleged each element required to establish a third-party negligent spoliation claim. First, Plaintiff alleges that Deere owed its Insured -- and, by extension, Plaintiff through subrogation -- a duty of reasonable care in inspecting the feller buncher because the Insured was a foreseeable Plaintiff following the fire. (Doc. # 1-1 ¶ 24). Next, Plaintiff alleges that Deere breached this duty when its representative used a pocketknife to remove and damage critical evidence. (*Id*. ¶ 25). Then, Plaintiff alleges that Defendant's breach was the proximate cause of the damage to the critical evidence, which damaged Plaintiff in the amount of $260,000. (*Id*. ¶¶ 26-27). Because Plaintiff clearly alleged the elements required to prove a negligence claim, the court now considers whether it sufficiently alleged the three further elements required to prove a negligent spoliation claim in the pleadings. *Smith*, 771 So. 2d at 432.

Plaintiff alleges that Defendant and its consultant "knew or should have known of the potential litigation between Plaintiff and Dan[foss] given the nature and amount of loss and the obvious visual evidence of subcomponent malfunction which was swiftly spoliated before confirmation of the source of the deposit." (Doc. # 1-1 ¶ 21). Further, Plaintiff alleges that Defendant voluntarily undertook a duty of reasonable care in inspecting the feller buncher when Defendant retained a consultant to examine the vehicle at the joint non-destructive fire origin and cause examination. (*Id*. ¶ 18). Finally, Plaintiff alleges that the missing evidence was vital to its

potential action against Danfoss because "the removal of the expelled and deposited contents of th[e] hydraulic pressure sensor from the product's housing made a conclusive determination of the failure mode of the Danfoss pressure sensor impossible." (*Id*. ¶ 20). Plaintiff has alleged each element of a third-party negligent spoliation claim. Defendant's Motion to Dismiss is due to be denied.

### B.    Defendant's Alternative Motion for a More Definite Statement

A survey in this area of the law indicates that the vast majority of negligent third-party spoliation claims arise in conjunction with underlying tort actions. *E.g*., *Smith*, 771 So. 2d 429; *Crowne Invs, Inc. v. Bryant*, 638 So. 2d 873 (Ala. 1994); *Killings v. Enterprise Leasing Co., Inc.*, 9 So. 3d 1216 (Ala. 2008); *Brown Electro Mech. Sys., Inc. v. Thompson Eng'g, Inc*., 848 So. 2d 238 (Ala. 2002). Here, however, there is no underlying action. Defendant argues that, in the absence of an underlying tort action, it is unable to determine the "claim or claims Plaintiff <u>would have brought</u> in an underlying claim against Danfoss." (Doc. # 1-3 at 5) (emphasis in original). Consequently, Defendant contends that it is "unable to reasonably respond and assert certain defenses that may be available to it under Alabama law." (*Id*.). Accordingly, Defendant maintains that "Plaintiff should be ordered to amend its Complaint to specifically allege the claims it would have … brought against Danfoss but for the alleged spoliation." (*Id*.). The court disagrees.

#### i.    Plaintiff was not required to bring an underlying tort action before filing a suit based on third party negligent spoliation.

First, while historically it appears the majority of claims brought under the third-party negligent spoliation doctrine have arisen out of underlying tort actions, the Alabama Supreme Court clearly contemplated such a claim being brought as a standalone action. In *Smith*, the court held that once each element of a negligent spoliation claim is established, "there arises a rebuttable presumption that but for the fact of the spoliation of evidence the plaintiff would have recovered

in the pending *or potential* litigation." 771 So. 2d at 432-33 (emphasis added). Further, the court stated that "under a claim for negligent spoliation, the defendant's breach must be the proximate cause of the plaintiff's inability *to file*, or to win, the underlying lawsuit." *Id*. at 434 (emphasis added). Finally, the court explicitly disagreed with the plaintiff's argument that "a plaintiff, in order to be able to file an action alleging spoliation of evidence against a third party, must first file an action pursuing the underlying cause of action and be denied a recovery in that underlying action." *Id*. In sum, Alabama law does not require a plaintiff to bring an underlying action before raising a negligent spoliation claim.

> **ii.   Plaintiff was not required to allege the specific causes of action it could have brought against Danfoss in its Complaint.**

Nor does Alabama law require a plaintiff to "allege the specific causes of action it could have brought against" a defendant in an underlying action. (Doc. # 1-3 at 6). Defendant argues that Plaintiff's "lack of specificity" prevents Defendant from overcoming the presumption that Plaintiff would have recovered in an underlying action but for the spoliation. (*Id*.). To rebut that presumption, Defendant must introduce evidence showing that Plaintiff would not have prevailed in the underlying action. (*Id*.) (citing *Smith*, 771 So. 2d at 435). But, it is not a plaintiff's burden to allege sufficient facts to establish both its own claim and any potential defense against its claim. The burden to gather evidence rebutting a presumption of recovery falls squarely on Defendant, and the discovery process is precisely the right vehicle to do so. Therefore, Defendant's Alternative Motion for a More Definite Statement is also due to be denied.

**C.   Fictitious Defendants**

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit has created a narrow exception to this rule "when the plaintiff's description of the defendant is so specific as to

7

be 'at the very worst, surplusage.'" *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Here, Plaintiff identifies Fictitious Defendants A, B, C, and/or D as "the manufacturers, distributors, and/or sellers of the Deere product forming the basis for this case, whose true identities and legal status are unknown at this time, but will be added by amendment when ascertained." (Doc. # 1-1 ¶ 2). Such a description is plainly insufficient. Accordingly, all claims against Fictitious Defendants A, B, C, and D are due to be dismissed without prejudice.

## IV.    Conclusion

For the reasons above, Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement (Doc. # 1-3) is due to be denied. An order consistent with this memorandum opinion will be entered separately.

**DONE** and **ORDERED** this June 6, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE